JAN 1 6 2004

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Global Aerospace, Inc.
f/k/a Associated Aviation Underwriters, Inc.
51 JFK Parkway
Short Hills, New Jersey 07078

Plaintiff

vs.

Liebberr-Aerospace Lindenberg GmbH
Postfach 1363
D 88153 Lindenberg/Allgau
Germany

and

Liebherr America, Inc.
Corporation Company, Statutory Agent
30600 Telegraph Road
Bingham Farms, Michigan 48025

and

Liebherr - Aerospace Saline Company
c/o Liebherr America, Inc.
Corporation Company, Statutory Agent
30600 Telegraph Road
Bingham Farms, Michigan 48025

and

Eurocopter Deutschland GmbH
IndustriestraBe 4
86609 Donauworth
Germany

Case No.: 1:04CV0086

Judge JUDGE NUGENT

MAG. JUDGE PERELMAN

COMPLAINT

**and**

**American Eurocopter, LLC**
**Trust Center**
**1209 Orange Street**
**Wilmington, Delaware 19801**

**Defendants**

**serve also:**

**American Eurocopter , LLC**
**c/o Kevin C. Cabiniss, Statutory Agent**
**2701 Forum Drive**
**Grand Prairie, Texas 75052**

## PARTIES

1. Plaintiff Global Aerospace, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey. Global Aerospace, Inc. was formally known as Associated Aviation Underwriters, Inc. Global Aerospace, Inc., is the exclusive United States manager for underwriting and claims administration for Global Aerospace Pool and is the attorney-in-fact of each insurance company which is a member of Global Aerospace Pool ("Global"). Global Aerospace Pool is an unincorporated association of independent insurance companies engaged in aviation insurance with its principal place of business in the State of New Jersey.

2. In that capacity, Global issued insurance policy 301MAP 606268, effective June 23, 2001, insuring Corporate Jets, Inc. and CJ Systems ("CJS") pursuant to the declarations and endorsements contained in the Policy. Two insurance companies provided the coverage under the Policy: The Continental Insurance Company, Concord, New Hampshire and Federal Insurance Company, Indianapolis, Indiana.

3. The Defendant, Liebherr-Aerospace Lindenberg GmbH, is a German company which is engaged in the design, manufacturer and sale of operating systems and component parts used in the Helicopter involved in this suit and other aircraft throughout the world. Liebherr and its related entities are responsible for the design, manufacture and sale of the Helicopter controls, including the yaw CSAS actuator, which was installed on the accident aircraft. The Defendant is the "manufacturer" or "supplier" of the Helicopter's parts as defined by Section 2307.71 of the Ohio Revised Code.

4. The Defendant, Liebherr America, Inc., is a company which is organized and existing under the laws of the State of Virginia, and it is a wholly owned subsidiary of Liebherr-Aerospace Lindenberg GmbH. Liebherr America, Inc. is engaged in the design, manufacture, service and sale of operating systems and component parts for Helicopters under the active assumed name of Liebherr-Aerospace Saline Company which is located in Saline, Michigan. The Defendant Liebherr America, Inc. is the "manufacturer" or "supplier" of the Helicopter's component parts as defined by Section 2307.71 of the Ohio Revised Code.

5. The Defendant, Liebherr-Aerospace Saline Company, is a legal entity which is organized and existing under the laws of the State of Michigan. Liebherr-Aerospace Saline Company is a company which is engaged in the design, manufacture, service and sale of operating systems and component parts for Helicopters, and it is the "manufacturer" or "supplier" of the Helicopter's component parts as defined by Section 2307.71 of the Ohio Revised Code.

6. The Defendant, Eurocopter Deutschland GmbH is a German company which is engaged in the design, manufacture and sale of Helicopters throughout the world. Eurocopter is responsible for the design, manufacture and sale of the Helicopter involved in this suit. The Defendant was the "manufacturer," of the Helicopter as that term is defined by Section 2307.71 of the Ohio Revised Code.

7. The Defendant, American Eurocopter, LLC is a company which is organized and existing under the laws of the State of Delaware, and it is a wholly owned subsidiary of Eurocopter. Eurocopter and its subsidiary, American Eurocopter, LLC, do business in the United States through this wholly owned subsidiary, which is the “manufacturer” or "supplier" of the Helicopter as defined by Section 2307.71 of the Ohio Revised Code.

**Jurisdiction and Venue**

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiff and all Defendants and the matter in controversy exceeds the sum of $75,000.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and Local Rule 3.8 in that, among other things, a substantial part of the events or omissions giving rise to the claims occurred in this District; a substantial part of the property that is the subject of the action is situated in this District; and each Defendant is a corporation subject to personal jurisdiction in this District. This Court may exercise personal jurisdiction over these Defendants because these Defendants transacted business in the State of Ohio in that they designed, manufactured, marketed, advertised, serviced, repaired, overhauled, and/or installed the products in question in this suit for foreseeable and/or actual distribution and/or use in the

State of Ohio. In addition, the crash of the Helicopter at issue in this lawsuit, which was the culminating event arising out of Defendants' tortious and other wrongful conduct complained of herein, occurred in the State of Ohio and in this District.

**General Allegations Common to All Claims for Relief**

10. Plaintiff Global is the insurer of a BK117 Model A-3 helicopter, registration N626MB (the "Helicopter") which was leased by Corporate Jets, Inc. and CJ Systems ("CJI") at the time of the incidents described herein.

11. The Helicopter was manufactured by Defendant Eurocopter. The Helicopter was owned by LFC Capital, Inc. of Chicago, Illinois, and/or other entities which were the lessors of the Helicopter and was leased to CJS. On information and belief, subsequent to that time, and continuing until the events at issue in this litigation, Eurocopter was required to provide to CJS mandatory and suggested design updates and service bulletins for the Helicopter and otherwise perform and/or participate in the maintenance, upkeep, repair and operation of the Helicopter and its components pursuant to continuing duties and obligations arising under Federal Aviation Regulations.

12. The Helicopter was operated by CJI as a medical transportation helicopter at the time of the incidents described herein. CJI was responsible for routine maintenance and the operation of the Helicopter.

13. Shortly after midnight on January 18, 2002, the Helicopter crashed soon after takeoff from University Hospitals in Cleveland, Ohio. The pilot of the Helicopter, Captain William Spence, an employee of CJI, was killed in the crash. The flight nurse and crew

member, Ms. Kelly Conti, was killed in the crash. The paramedic and crew member, Mr. Joseph Paoletta, survived the crash but suffered serious and permanent injuries. The Helicopter was destroyed in the ensuing fire and was a total loss.

14. The Helicopter crashed after suffering a sudden and catastrophic mechanical failure in its tail rotor control system.

15. Global, as the insurer of the Helicopter, has paid in excess of Seventy Five Thousand Dollars ($75,000) to various claimants, including, but not limited to the owners/lessors of the Helicopter, the members of the crew and/or their survivors including the pilot in command (Captain William Spence) and the paramedic (Joseph Paoletta) and the owner of certain real estate adjoining the Hospital, Hanna Perkins School. At least one other third party has also asserted a claim against Global for indemnification regarding payments made by that third-party to University Hospitals for damage to its real and personal property caused by the accident.

16. Certain of the payments made by Global are covered by confidentiality agreements and the terms of these payments may not be publicly disclosed. The terms of the payments will be made available pursuant to an appropriate Protective Order.

17. Global is subrogated to the payments made on the claims referenced above for the losses directly arising from the misconduct of Defendants complained of herein. In addition, Global has retained its rights to contribution pursuant to Sections 2307.31 and 2307.32 of the Ohio Revised Code and/or in the alternative, rights of indemnification for the payments it has made to the Paoletta claimants. The payments made to the Paoletta claimants were made in good faith, were reasonable based on the totality of the circumstances and the

proportion and amount of potential liability faced by the parties and the payments served to extinguish any and all liability of any entity which is jointly and severally liable in tort for the injuries and losses suffered by the Paoletta claimants in the accident.

**FIRST CLAIM**
(Product Liability-Defective Manufacture)

18. The previous allegations of the Complaint are incorporated as if fully rewritten herein.

19. The January 18, 2002 crash was a direct and proximate result of a mechanical failure of the Helicopter's tail rotor controls, including the yaw CSAS actuator.

20. The mechanical failure of the Helicopter's tail rotor controls caused the pilot to lose control of the Helicopter and strike the University Hospital's Lerner Tower.

21. The Helicopter, MBB BK-117 A3, registration N626MB, and the tail rotor controls, including the yaw CSAS actuator, were designed, manufactured, produced, assembled, rebuilt, supplied and serviced by the Defendants, Eurocopter Deutschland GmbH and American Eurocopter L.L.C., (hereinafter referred to collectively as "Eurocopter") and Liebherr-Aerospace Lindenberg GmbH; Liebherr America Inc., and Liebherr-Aerospace Saline Company (hereinafter referred to collectively as “Liebherr”).

22. The Helicopter and the tail rotor controls, including the yaw CSAS actuator, were sold, installed, repaired, maintained, supplied or otherwise placed in the stream of commerce by the Defendants, Eurocopter and Liebherr.

23. The Helicopter and the tail rotor controls, including the yaw CSAS actuator, were defective in manufacture or construction as described in Section 2307.74 of the Ohio Revised Code.

24. As a direct and proximate result of such defective manufacture or construction, the claimants sustained the injuries and damages described above which were paid by Global for which payments contribution and/or indemnification is now owed to Global, or to which payments Global is subrogated.

**SECOND CLAIM**
(Product Liability-Defective Design)

25. The previous allegations of the Complaint are incorporated as if fully rewritten herein.

26. The Helicopter and the tail rotor controls, including the yaw CSAS actuator, were defective in design or formulation as described in Section 2307.75 of the Ohio Revised Code.

27. As a direct and proximate result of such defective design or formulation, the claimants sustained the injuries and damages described above which were paid by Global for which payments contribution and/or indemnification is now owed to Global, or to which payments Global is subrogated.

**THIRD CLAIM**
(Product Liability-Inadequate Instruction or Warning)

28. The previous allegations of the Complaint are incorporated as if fully rewritten herein.

29. The Helicopter and the tail rotor controls, including the yaw CSAS actuator, were defective for failure to provide adequate instruction or warnings.

30. As a direct and proximate result of such defective failure to provide adequate instruction or warnings, the claimants sustained the injuries and damages described above which were paid by Global for which payments contribution and/or indemnification is now owed to Global, or to which payments Global is subrogated.

**FOURTH CLAIM**
(Product Liability-Conformance to Representation)

31. The previous allegations of the Complaint are incorporated as if fully rewritten herein.

32. The Helicopter and the tail rotor controls, including the yaw CSAS actuator, were defective in that they did not conform to representations wade by the manufacturer or supplier as described in Section 2307.77 of the Ohio Revised Code.

33. As a direct and proximate result of such defective failure to conform to representations made by the manufacturer or supplier, the claimants sustained the injuries and damages described above which were paid by Global for which payments contribution and/or indemnification is now owed to Global, or to which payments Global is subrogated.

**DAMAGES**

34. Wherefore, Plaintiff demands judgment in subrogation against the Defendants, jointly and severally, for contribution and/or indemnification for amounts paid to claimants as damages in an amount which exceeds seventy-five thousand dollars ($75,000.00), together with the costs herein and all other relief to which Plaintiff may be entitled based on its proof at trial.

**REQUEST FOR RELIEF**

For the reasons stated above, Plaintiff Global requests judgment against the Defendants for:

1. Subrogation for all amounts paid as damages by Global to all claimants including the owners/lessors of the Helicopter, the Paoletta claimants, the Spence claimants, the Hanna Perkins School claimant and any other third-party claimant who receives an indemnification payment from Global.

2. Contribution and/or indemnification for all amounts paid to the Paoletta claimants.

3. Contribution and/or indemnification for all amounts paid to the owners/lessors of the Helicopter, the Spence claimants, the Paoletta claimants, the Hanna Perkins School claimants and any other third party claimant who receives an indemnification payment from Global.

4. Costs of this action.

5. Prejudgment and post-judgment interest as allowed by law.

6. Any other relief to which Plaintiff is entitled.

Respectfully submitted,

GEORGE S. COAKLEY (0020419)
Reminger & Reminger Co., LPA
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115
(216) 687-1311 / Fax: (216) 430-2291

OF COUNSEL:

TODD H. BAILEY (0002407)
Greenebaum Doll & McDonald PLLC
2800 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
(513) 455-7637 / Fax: (513) 762-7937